### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| David Inman, | ) | CASE NO. 5:13CV1269 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Edwin Shaw Rehab, LLC, | ) | |
| | ) | (Resolves Doc. 11) |
| | ) | |
| Defendant. | ) | |

Plaintiff David Inman filed this action claiming disability discrimination and wrongful discharge in violation of public policy.  Defendant Edwin Shaw Rehab, LLC  has moved to dismiss the complaint.  Doc. 11.  Plaintiff has timely opposed the motion, and Defendant has replied in support of its arguments.  The Court finds the motion well taken.  The complaint is hereby DISMISSED.

## I.       Standard of Review

Civil Rule 8(a)(2) says that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pair of Supreme Court decisions— *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)—confirms that this rule imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Sixth Circuit stated the standard for reviewing a motion to dismiss under Rule 12(b)(6) in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir.2007) as follows:

The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the Plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the Plaintiff's factual allegations.  *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*.  Specifically, the Complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quotations and emphasis omitted).

-2-

In summary, "[i]n the aftermath of these decisions, a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its "factual content,", requiring the plaintiff to plead enough "factual matter" to raise a "plausible" inference of wrongdoing.. The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield*, 727 F.3d at 504.

**II. Facts**

Plaintiff filed his complaint against Defendant on June 7, 2013.  In his complaint, Plaintiff alleges that he began his employment with Defendant as a chemical dependency technician on April 19, 2010.  Plaintiff further alleges that on April 19, 2012, he and several co-workers were gathered in the Defendant's parking lot.  Plaintiff was showing his new vehicle to several of his co-workers. One of the co-workers, Sharon McMillan, began "touching, rubbing, and drawing" on the car with her finger.  Plaintiff alleges that this caused abrasive damage to his vehicle and that he "demanded that McMillan cease touching his vehicle."  When McMillan did not comply, "Plaintiff became irate, swore at McMillan, extended his arm to protect his property, and walked McMillan away from his vehicle."  As a result of this incident, Defendant terminated Plaintiff's employment on April 26, 2012.

Plaintiff further alleges that sometime prior to the April 19 incident, he began treating with a mental health professional.  He also asserts that shortly before that date, his treatment provider placed him on several medications and that these medications "significantly impacted his affect." Plaintiff alleges that his "extreme reaction" to McMillan was a "direct and proximate result" of a

reaction to his new medication.

Based upon the above facts, Plaintiff alleges that he was terminated as a result of his alleged disability and that his termination was in violation of public policy. In seeking dismissal of the complaint, Defendant has asserted that Plaintiff failed to allege facts from which an inference can be drawn that satisfies all of the material elements of his claims. Furthermore, Defendant has alleged that the public policy claim must fail as a matter of law. Plaintiff has opposed the motion, asserting that the complaint contains sufficient factual allegations to survive dismissal. The Court now reviews the parties' arguments.

**III.    Analysis**

A. Disability Discrimination

In counts one and two of his complaint, Plaintiff asserts that his termination was the result of disability discrimination in violation of both state and federal law. Defendant asserts in its motion to dismiss that Plaintiff has failed to plead facts from which inferences could be drawn that demonstrate each of the material elements of these claims. The Court agrees.

Under the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Where there is no direct evidence of discrimination, a plaintiff can set out a prima facie case of handicap discrimination by establishing that (1) he is disabled; (2) he is otherwise qualified for the position; (3) he suffered an adverse employment decision; (4) the employer knew or had reason to know of his disability; and (5) after rejection or termination, the position remained open, or the disabled individual was replaced

-4-

by a member outside the protected class. *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1185 (6th Cir.1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir.2011) (en banc). The alleged discrimination must have been a "but-for" cause of the employer's adverse decision. *Lewis*, 681 F.3d at 321.   Due to this causation standard, an employer must have knowledge of the disability in order for Plaintiff to succeed on his claim.  *See  Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932–33 (7th Cir. 1995) (holding that lack of knowledge of decision-maker is fatal to a prima facie case under the ADA because "it is intuitively clear when viewing the ADA's language in a straightforward manner that an employer cannot fire an employee 'because of' a disability unless it knows of the disability").

In the instant matter, the complaint fails to meet the minimal pleading standards required under *Iqbal* and *Twombly*.  First, Plaintiff has failed to allege facts from which an inference can be drawn that he was in fact disabled under the ADA's definition.  42 U.S.C. § 12102(1)(A) defines disability as a "a physical or mental impairment that substantially limits one or more major life activities of such individual."  In turn, major left activities are defined as, but not expressly limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).  In the instant matter, Plaintiff alleges in his complain that he is "an individual diagnosed with a psychological impairment that substantially limits one or more major life activities."  He fails to identify, even in general terms, his impairment.  Moreover, other than alleging that his medication impacted his "affect," Plaintiff fails to allege any impact on his functioning, let alone an impact on any of his major life activities.  Furthermore, the complaint is entirely devoid of any allegation that Defendant was aware of Plaintiff's alleged disability.  While

-5-

it is true that Plaintiff need not prove his prima facie case in his complaint, he is still obligated to allege facts from which an inference can be drawn that all the material elements of his claim can be proven. The complaint falls well short of meeting those pleading standards.

Moreover, even if this Court were inclined to draw inferences in this matter, despite a lack of factual allegations, common sense and competing explanations would compel an inference that Plaintiff was terminated for his parking lot tirade, not his alleged disability. Accordingly, his disability claims cannot withstand the motion to dismiss.

Plaintiff has attempted to cure several of the deficiencies detailed above by seeking leave to amend his complaint. Specifically, the amended complaint identifies the individuals that Plaintiff allegedly informed of his psychological disorders. Assuming arguendo that this satisfies the knowledge requirement discusses above, the motion for leave to amend is still properly DENIED.

The Court may deny leave to amend if the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). In the instant matter, the proposed amended complaint would not withstand the pending motion to dismiss. Accordingly, amendment would be futile.

In the proposed amended complaint, Plaintiff still fails to allege that his purported disability substantially limits a major life activity. Plaintiff claims that his medication "significantly impacted his affect" and then states in a conclusory fashion that this is a "substantial limitation of [his] psychological functioning." This conclusory statement with no underlying factual allegations falls well short of the standard of pleading facts from which an inference could be drawn that Plaintiff's disability substantially limits a major life activity.

-6-

Similarly, the proposed amended complaints is void of any *factual* allegations that Plaintiff was replaced by someone outside of the protected class.  As was discussed during the CMC in this matter, the original complaint contained solely an allegation that "upon information and belief" Plaintiff had been replaced by an individual from outside the protected the class.  The Court explained at length that such a factually-devoid allegation was insufficient.  The proposed amended complaint *removes* this reference entirely, wholly omitting allegations of this material element of the claim.  Accordingly, the proposed amendment would be futile.

B. Public Policy

While the Court agrees with Defendant that Plaintiff's wrongful discharge in violation of public policy claim cannot succeed as a matter of law, the Court need conduct such an analysis.  As Plaintiff's underlying claim of disability discrimination claim fails, it follows that his claim that a termination in violation of the ADA and Ohio's equivalent violates public policy must also fail.  Accordingly, this claim is also dismissed.

### IV.    Conclusion

Plaintiff's motion for leave to amend the complaint is DENIED.  Defendant's motion to dismiss is GRANTED.  The complaint is hereby DISMISSED.

IT IS SO ORDERED.


Date: November 8, 2013                  ___/s/ John R. Adams_____
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE